FILED
2006 OCT 17 AM 8:21
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS SANDOVAL,<br>CDC # K-18540,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ANA RAMIREZ PALMER,<br><br>　　　　　　　　　　　Defendant. | Civil No.　06-1576 JM (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S APPLICATION FOR RECONSIDERATION** [Doc. No. 4-1]; and<br><br>**(2) SUA SPONTE GRANTING PLAINTIFF EXTENSION OF TIME TO FILE MOTION TO PROCEED *IN FORMA PAUPERIS*** |

　　　Luis Sandoval ("Plaintiff") filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on August 8, 2006, while incarcerated at the California Medical Facility. On August 21, 2006, the Court dismissed Plaintiff's action, without prejudice, for failing to pay the initial civil filing fee pursuant to 28 U.S.C. § 1914(a) or file a Motion to Proceed *In Forma Pauperis* ("IFP"). *See* Aug. 21, 2006 Order at 2. The Court informed Plaintiff that he could either prepay the $350 civil filing fee *or* complete and submit a Motion to Proceed IFP within forty five (45) days. *Id.* The Court also supplied Plaintiff with a form Motion to Proceed IFP. *Id.*

On September 29, 2006, Plaintiff submitted a letter requesting reconsideration of the Court's August 21, 2006 Order dismissing his action. The Court has liberally construed this request as a "Motion for Reconsideration."

### Motion for Reconsideration– Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" 489 U.S. at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

Here, Plaintiff has provided the Court with no newly discovered evidence, failed to show how the Court committed clear error or rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand a different result. *School Distr. No. 1J*, 5 F.3d at 1263. Plaintiff appears to have misunderstood the Court's previous Order. Plaintiff claims that the Court ordered him to pay $350.00. *See* Pl.'s Letter at 1. However, the Court provided Plaintiff with the option to file a Motion to Proceed IFP which would permit him to proceed without having to prepay the entire initial filing fee. However, Plaintiff is cautioned that prisoners granted leave to proceed IFP remain obligated to pay the

---

[1] However, Local Rule 7.1(I) does permit motions for reconsideration. Under Local Rule 7.1(I)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(I). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(I)(2) permits motions for re consideration within "30 days of the entry of the ruling."

entire $350 fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Thus, without more, and because reconsideration is not warranted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with its ultimate decision, Plaintiff's Application for Reconsideration must be DENIED. *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D.C. Wis. 1956)).

## Conclusion and Order

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [Doc. No. 4-1] is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff is GRANTED forty five (45) days leave from the date this Order is "Filed" in which to a Motion to Proceed IFP. The Clerk of the Court is directed to mail a form Motion to Proceed IFP to Plaintiff.

DATED: 10/16/06

HON. JEFFREY T. MILLER
United States District Judge